## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LARRY L. NIERMANN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No. <u>4:22-cv-03147</u> |
| | § | |
| | § | |
| **PHH MORTGAGE CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES JUDGE:

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant PHH Mortgage Corporation ("PHH" or "Defendant") hereby removes this action from the 457th Judicial District Court of Montgomery County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. In support of such removal, PHH states as follows:

### I.    STATE COURT ACTION

1. The State Court Action concerns the real property located at 16361 River Fall Court, Conroe, TX 77302-5539 (the "Property"). (Complaint, p. 1). On or about July 19, 2006, Plaintiff purchased the Property. (Complaint, p. 2). Following Plaintiff's admitted default on the loan, PHH initiated foreclosure proceedings and scheduled the foreclosure sale for September 6, 2022. (Complaint, pp. 2–3).

2. On August 31, 2022, Plaintiff Larry L. Niermann ("Plaintiff") filed his *Original Petition and Application for Temporary Restraining Order* (the "Complaint") in the 457th Judicial District Court of Montgomery County, Texas, in an action styled *Larry L. Niermann v. PHH*

*Mortgage Corporation*, Cause No. 22-09-11483 (the "State Court Action"). In the Complaint, Plaintiff alleges a claim for common law fraud. (Complaint, pp. 3–4). He contends that PHH falsely represented that it would not foreclose on the Property if Plaintiff submitted documentation to modify the mortgage. (Complaint, p. 3). However, he claims PHH has moved forward with the foreclosure, including noticing a foreclosure sale for September 6, 2022, even though Plaintiff allegedly secured a buyer for the sale of the Property on July 8, 2022. (Complaint, p. 3). In connection with these allegations, Plaintiff seeks injunctive relief, actual damages, attorney's fees, and court costs. (Complaint, pp. 4–5).

3.      PHH has not yet been properly served. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446.

4.      As discussed below, the Court has jurisdiction over this action on the basis of diversity jurisdiction.

## II.      PROCEDURAL REQUIREMENTS

5.      This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. § 1441.

6.      Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by copies of the following:

- An index of matters being filed (**Exhibit A**);

- A copy of the docket sheet in the State Court Action (**Exhibit B**);

- Pleadings asserting causes of action and all answers to such pleadings (**Exhibits C-1–C-2**);

- All orders signed by the state judge (**Exhibit D**);

- A list of all counsel of record, including addresses, telephone numbers, and parties represented (**Exhibit E**);

- A copy of the Montgomery County Appraisal District Details for the Property (**Exhibit F**); and

- A copy of the Deed of Trust (**Exhibit G**).

7.      Simultaneously with the filing of this Notice of Removal, PHH is: (1) serving Plaintiff with a copy of this Notice of Removal, and (2) filing a copy of the Notice of Removal in the 457th Judicial District Court of Montgomery County, Texas, and providing Plaintiff with copies. 28 U.S.C. § 1446(d).

### III.     THIS COURT HAS DIVERSITY JURISDICTION

**A.     Diversity of Citizenship**

8.       For purposes of diversity jurisdiction, "[a] natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir. 1985)). Plaintiff is a natural person and has claimed Montgomery County, Texas, as his residence and domicile. (Complaint, p. 1). Accordingly, Plaintiff is a citizen of Texas for diversity purposes.

9.      PHH is a New Jersey Corporation with its principal place of business located in Mt. Laurel, New Jersey. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88–89 (2005). Therefore, for diversity purposes, PHH is a citizen of New Jersey.

10.     Because Plaintiff is a citizen of Texas and PHH is a citizen of New Jersey, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

**B.      Amount in Controversy**

11.      Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009) (mem. op.).

12.      From a review of the Complaint, it is apparent that the amount at issue more likely than not exceeds $75,000, exclusive of interest and costs. Plaintiff is seeking injunctive relief preventing the sale of the Property. (*See generally* Complaint). He is also seeking actual damages, attorney's fees, and court costs.

13.      The amount in controversy in an action for injunctive relief "is the value of the right to be protected or the extent of the injury to be prevented." *Greenberg*, 134 F.3d at 1252–53. "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry*, 2009 WL 2868224, at *2. When the right to property is at issue, courts look to the value of the property to determine whether the minimum amount in controversy has been met for jurisdictional purposes. *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341 (5th Cir. 2013) ("In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."); *see also*

*Nationstar Mortgage LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (citing *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)).

14.     The current fair market value of the Property is an appropriate measure of the value of the injunctive relief sought. According to the Montgomery Central Appraisal District, this value is $227,130.[1] (**Exhibit F)**. The Deed of Trust also indicates that Plaintiff executed the original note for an amount that exceeds the $75,000 jurisdictional minimum.[2] (**Exhibit G)**.

15.     Moreover, to determine the amount in controversy, the Court may consider actual damages and attorney's fees. *White*, 319 F.3d at 675; *Greenberg*, 134 F.3d at 1253, n.7 (citing *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss. 1988)). Here, Plaintiff seeks actual damages and attorney's fees. (Complaint, p. 5).

16.     Based on the foregoing, it is apparent from the face of the Complaint, the current tax records for the Property, and the Deed of Trust for the Property that the value of the damages and injunctive relief sought by Plaintiff more likely than not exceeds the $75,000 jurisdictional minimum.

17.     Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and removal is proper.

## IV.     RESERVATION OF RIGHTS

---

[1] PHH requests that the Court take judicial notice of Exhibit F, pursuant to Federal Rule of Evidence 201. FED. R. EVID. 201. The Appraisal District Value is not offered as a true market value, but to show that the true market value exceeds the $75,000 threshold.

[2] PHH requests that the Court take judicial notice of Exhibit G, pursuant to Federal Rule of Evidence 201. FED. R. EVID. 201.

18.     In filing this Notice of Removal, PHH does not waive, and specifically reserves, any and all objections as to service, objections to personal jurisdiction, defenses, rights, and motions.

## V.     <u>CONCLUSION</u>

WHEREFORE, PHH removes this action from the 457th Judicial District Court of Montgomery County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

/s/ *Helen O. Turner*
**Robert T. Mowrey – Attorney-in-Charge**
Texas Bar No. 14607500
S.D. Bar No. 9529
rmowrey@lockelord.com
**Vincent J. Hess**
Texas Bar No. 09549417
S.D. Bar No. 20194
vhess@lockelord.com
**Matthew H. Davis**
Texas Bar No. 24069580
S.D. Bar No. 1124612
mdavis@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Telecopier: (214) 740-8800

**Helen O. Turner**
Texas Bar No. 24094229
S.D. Bar No. 2924121
helen.turner@lockelord.com
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1280
Telecopier: (713) 226-2501

**COUNSEL FOR DEFENDANT**
**PHH MORTGAGE CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 14, 2022, a true and correct copy of the foregoing document was delivered to the following *via ECF and/or email* consistent with the Federal Rules of Civil Procedure.

Itzel Martinez-Santos
Texas Bar No. 24105036
The Law Offices of Martinez & Martinez, PLLC
310 S. St. Mary's St., Ste. 980
San Antonio, TX 78205
Email: itzel@martinezlawtx.com
Telephone: (210) 499-6448
Facsimile: (210) 783-8555

***Counsel for Plaintiff***

*/s/ Helen O. Turner*
Counsel for Defendant